UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:01 CV 426 – MCK

| | |
|---|---|
| CARLA W. KEZIAH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DUKE ENERGY CORP., f/k/a DUKE )<br>POWER CO., and DUKE ENGINEERING )<br>SERVICES, INC., )<br>)<br>Defendant. )<br>_____) | **ANSWER** |

Defendants Duke Energy Corporation ("DEC") and Duke Engineering & Services, Inc. ("DES"), answering the Complaint of Plaintiff Carla W. Keziah ("Keziah"), say and allege:

### FIRST DEFENSE

1. Defendants deny the allegations in paragraph 1 of the Complaint.

2. Defendants admit that this Court has subject matter jurisdiction over claims arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. (the "FLSA") and pendent jurisdiction over claims arising under the North Carolina Wage and Hour Act, N.C.G.S. §§ 95-25.1 et seq. (the "WHA"). Except as admitted Defendants deny the allegations in paragraph 2 of the Complaint.

3. Upon information and belief Defendants admit the allegations in paragraph 3 of the Complaint.

4. Defendants admit that Plaintiff is an employee of Defendant DES within the meaning of 29 U.S.C. § 203(e) and N.C.G.S. § 95-25.2(4). Except as admitted Defendants deny the allegations in paragraph 4 of the Complaint.

5. Defendants admit the allegations in paragraph 5 of the Complaint.

6. Defendants admit the allegations in paragraph 6 of the Complaint.

7. Defendants admit that they are engaged in interstate commerce and they are employers within the meaning of 29 U.S.C. § 203(d) and N.C.G.S. § 95-25.2(5). Except as admitted Defendants deny the allegations on paragraph 7 of the Complaint.

8. Defendants admit that they are enterprises engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) and that Plaintiff is engaged in commerce in connection with her employment with DES. Except as admitted Defendants deny the allegations in paragraph 8 of the Complaint.

9. Defendants deny the allegations in paragraph 9 of the Complaint.

10. Defendants admit that Plaintiff was hired by DEC on October 30, 1974, that she has been employed by DES as an eddy current data analyst since August 1, 1992 and that she has received performance ratings of satisfactory or better during that time. Except as admitted Defendants deny the allegations in paragraph 10 of the Complaint.

11. Defendants admit that during her employment with DES Plaintiff worked more than forty (40) hours in some workweeks and was not paid at a rate of one and one-half times her regular rate of pay for the hours worked in excess of forty. Except as admitted Defendants deny the allegations in paragraph 11 of the Complaint.

12. Defendants deny the allegations in paragraph 12 of the Complaint.

13. Defendants deny the allegations in paragraph 13 of the Complaint.

14. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 14 for the Complaint and therefore deny the same.

15. Defendants admit that during 2000 the United States Department of Labor, Wage and Hour Division ("DOL") conducted a compliance investigation at DES and that DOL contended that DES had violated the FLSA concerning overtime compensation for Plaintiff and certain other employees. Except as admitted Defendants deny the allegations in paragraph 15 of the Complaint.

16. Defendants admit that on March 30, 2001 DES issued a check to Plaintiff in the gross amount of $6,523.12, less standard withholdings. Except as admitted Defendants deny the allegations in paragraph 16 of the Complaint.

17. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 17 of the Complaint and therefore deny the same.

18. Defendants admit that DES has included the gross amount of the March 30, 2001 check issued to Plaintiff in calculating her 2001 earnings. Except as admitted Defendants deny the allegations in paragraph 18 of the Complaint.

19. Defendants deny the allegations in paragraph 19 of the Complaint.

20. Defendants admit that Plaintiff was placed on standby status effective May 21, 2001 and that while on standby status she has been paid $7.00 per hour for forty (40) hours per workweek. Except as admitted Defendants deny the allegations in paragraph 20 of the Complaint.

21. Defendants restate and incorporate by reference their responses in paragraphs 1 through 20.

22. Defendants deny the allegations in paragraph 22 of the Complaint.

23. Defendants deny the allegations in paragraph 23 of the Complaint.

24. Defendants restate and incorporate by reference their responses in paragraphs 1 through 23.

25. Defendants deny the allegations in paragraph 25 of the Complaint.

26. Defendants deny the allegations in paragraph 26 of the Complaint.

27. Defendants restate and incorporate by reference their responses in paragraphs 1 through 26.

28. Defendants deny the allegations in paragraph 28 of the Complaint.

29. Defendants deny the allegations in paragraph 29 of the Complaint.

30. Defendants deny the allegations in paragraph 30 of the Complaint.

31. Defendants deny the allegations in paragraph 31 of the Complaint.

## SECOND DEFENSE

Plaintiff's Complaint should be dismissed to the extent that it fails to state a claim against Defendants upon which relief can be granted by this Court.

## THIRD DEFENSE

Plaintiff's Complaint should be dismissed to the extent that she failed to comply with any applicable administrative procedures and/or other prerequisites for institution of a suit under the FLSA and/or the WHA.

## FOURTH DEFENSE

Plaintiff's claims should be dismissed to the extent that she failed to exhaust any applicable administrative remedies which may be available to her under the FLSA and/or the WHA.

## FIFTH DEFENSE

Plaintiff's claims are barred by the applicable statute(s) of limitations to the extent that those claims are predicated in whole or in part upon events occurring outside the relevant period(s) of limitations.

## SIXTH DEFENSE

Plaintiff's claims for punitive damages are limited by and subject to the applicable provisions of the Constitution of the United States and the North Carolina Constitution.

## SEVENTH DEFENSE

Plaintiff's claims for punitive damages are limited by and subject to the applicable provisions of North Carolina General Statutes § D-1 et seq.

## EIGHTH DEFENSE

Plaintiff's claims for compensatory damages are barred in whole or in part because she has failed to exercise a reasonable diligence to mitigate her damages.

## NINTH DEFENSE

Plaintiff's claims are barred to the extent that the doctrines of unclean hands, estoppel, latches and/or waiver or applicable to the facts of this case.

## TENTH DEFENSE

Plaintiff's claims are barred to the extent that the doctrines of accord and satisfaction and/or payment are applicable to the facts of this case.

## ELEVENTH DEFENSE

Plaintiff's claims against DEC are barred to the extent that there was no employer/employee relationship between them.

## TWELFTH DEFENSE

Plaintiff's claims against DEC are barred to the extent that DEC was not an employer of Plaintiff within the meaning of 29 U.S.C. § 203(d) and N.C.G.S. § 95-25.2(5).

## THIRTEENTH DEFENSE

Plaintiff's claims arising under the WHA are barred to the extent that they are preempted by the FLSA.

## FOURTEENTH DEFENSE

Plaintiff's claims of unlawful retaliation are barred to the extent that Defendants would have taken the same action(s) in the absence of any activity by Plaintiff which may have been protected under the FLSA and/or the WHA.

## FIFTEENTH DEFENSE

Plaintiff's claims of unlawful retaliation are barred to the extent that there was no causal connection between the conduct complained of and any activity by Plaintiff which may have been protected under the FLSA and/or the WHA.

## SIXTEENTH DEFENSE

Plaintiff's claims of unlawful retaliation are barred to the extent that the conduct complained of was undertaken by Defendants in good faith and based upon legitimate, non-retaliatory reasons.

## SEVENTEENTH DEFENSE

Plaintiff's claims under the FLSA are barred to the extent that she was employed in a bona fide executive, administrative or professional capacity within the meaning of 29 U.S.C. § 13(a)(1) of the FLSA.

## EIGHTEENTH DEFENSE

Plaintiff's claims barred to the extent that her employment qualified for one or more of the exemptions available under the FLSA.

## NINETEENTH DEFENSE

Plaintiff's claims are barred to the extent that the two (2) years statute of limitations contained in Section 6 of the Portal-to-Portal Pay Act of 1947, 29 U.S.C. § 255, is applicable to those claims.

## TWENTIETH DEFENSE

Plaintiff's claims for liquidated damages are barred to the extent that the conduct complained of was undertaken in good faith in accordance with the requirements of Section 11 of the Portal-to-Portal Pay Act of 1947, 29 U.S.C. § 260.

## TWENTY-FIRST DEFENSE

Plaintiff's claims for unpaid wages and related damages are barred to the extent that she failed to report in a timely, accurate and complete manner all of the hours which she actually worked while employed by DES.

WHEREFORE, Defendants DEC and DES respectfully pray the Court enter a judgment providing that:

1. Plaintiff's Complaint be dismissed in its entirety;

2. Defendants recover their costs incurred in the defense of this action, including their reasonable attorneys fees; and

3. Defendants be awarded such other and further relief as the Court may deem just and proper.

This the 26th day of July, 2001.

_____
John J. Doyle, Jr.
N.C. State Bar No. 1235

_____
Jill Stricklin Cox
N.C. State Bar No. 20145

OF COUNSEL:

CONSTANGY, BROOKS & SMITH, LLC
100 North Cherry Street, Suite 300
Winston-Salem, NC 27101
Telephone: (336) 721-1001
Facsimile: (336) 748-9112

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date a copy of the foregoing **ANSWER** was served on opposing counsel by depositing a copy of same in the United States Mail, postage prepaid, and addressed as follows:

>Todd W. Cline
>Donaldson & Black, P.A.
>208 West Wendover Avenue
>Greensboro, NC 27401

This the 26th day of July, 2001.

John J. Doyle, Jr.
N.C. State Bar No. 1235

OF COUNSEL:

CONSTANGY, BROOKS & SMITH, LLC
100 North Cherry Street, Suite 300
Winston-Salem, NC 27101
Telephone: (336) 721-1001
Facsimile: (336) 748-9112