| | |
|---|---|
| CARLA W. KEZIAH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DUKE ENERGY CORP., f/k/a DUKE )<br>POWER CO., and DUKE ENGINEERING )<br>SERVICES, INC., )<br>)<br>Defendant. )<br>_____ ) | **CONSENT PROTECTIVE<br>ORDER** |

## Background Information

In their initial disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure, defendants Duke Energy Corporation, f/k/a Duke Power Company, and Duke Engineering Services, Inc. (collectively referenced as "Duke Energy" or the "Company") identified plaintiff's Employee Time Sheets for January 1, 1999 through March 5, 2001 as documents that the Company may use to support their claims or defenses. The parties agree that these Employee Time Sheets may contain confidential proprietary information, including the names of Duke Energy's customers, the business operations and projects to which plaintiff was assigned, and the amount of time that was spent working with any given business operation or on any given project. The parties further agree and acknowledge that the Company has a legitimate business interest in protecting the confidentiality of the proprietary information described above.

(f) Jurors and prospective jurors;

(g) Or any other person or entity to whom this Court orders or allows disclosure after notice and opportunity for hearing.

### Non-Disclosure of Confidential Information

2. No person to whom confidential information is disclosed shall disclose such confidential information to any person to whom disclosure is not authorized by the terms of this Protective Order, or make any other disclosure of such confidential information for any purpose whatsoever, commercial or otherwise. In addition to the other restrictions on disclosure contained herein, the parties agree that no confidential information may be disclosed to any person (including any consultant, expert or employee of any party) until such person has read and signed a copy of this Order, thereby indicating his/her willingness to be bound by its provisions. The disclosing party shall have the obligation to maintain records identifying all such persons to whom information has been disclosed.

### Information Filed with the Court

3. Any confidential document obtained during discovery which is filed with the Court shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, the word CONFIDENTIAL. The ultimate disposition of protected materials is subject to a final order of Court upon the completion of litigation.

## General Conditions

4. At the conclusion of this litigation, the parties will contact the Court to obtain any confidential information in the Court's files so the parties may make appropriate disposition of all confidential information furnished pursuant to the terms of this Order. At the conclusion of the litigation, the parties agree to return any confidential information to the party providing the confidential information except transcriptions of depositions taken in the course of this proceeding.

5. This Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to the confidential information. Specifically, this Protective Order shall not require any party to notify or to obtain permission from other parties before introducing materials designated confidential at trial or examining witnesses about materials designated confidential during depositions or at trial, beyond the notice required by the Federal Rules of Civil Procedure, local court rules or order of Court.

6. Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to confidential information as that party may consider appropriate; nor shall any party be precluded from claiming that any matter designated hereunder is not entitled to protection, or is entitled to a more limited form of protection than designated.

It is so stipulated.

*[signature: Todd W. Cline]*

Todd W. Cline
N.C. State Bar No. 19672
DONALDSON & BLACK, P.A.
208 West Wendover Avenue
Greensboro, NC 27401
Telephone: (336) 273-3812

**Counsel for Plaintiff**

Date: 10/25/01

*[signature: John Doyle]*

John J. Doyle, Jr.
N.C. State Bar No. 1235

*[signature: Jill S. Cox]*

Jill S. Cox
N.C. State Bar No. 20145
CONSTANGY, BROOKS & SMITH, LLC
100 North Cherry Street, Suite 300
Winston-Salem, NC 27101
Telephone: (336) 721-1001

**Counsel for Defendants**

Date: 10-24-01

It is so ORDERED, this the ___ day of Nov, 2001.


Graham C. Mullen
United States District Court

United States District Court
for the
Western District of North Carolina
November 5, 2001

* * MAILING CERTIFICATE OF CLERK * *

Re: 3:01-cv-00426

True and correct copies of the attached were mailed by the clerk to the following:

Todd W. Cline, Esq.
Donaldson & Black, P.A.
208 West Wendover
Greensboro, NC  27401

John J. Doyle Jr., Esq.
Constangy, Brooks & Smith, LLC
100 North Cherry St.
Suite 300 Century Plaza
Winston-Salem, NC  27101

Jill S. Cox, Esq.
Constangy, Brooks & Smith, LLC
100 North Cherry St.
Suite 300 Century Plaza
Winston-Salem, NC  27101

cc:
Judge                       ( )
Magistrate Judge            ( )
U.S. Marshal                ( )
Probation                   ( )
U.S. Attorney               ( )
Atty. for Deft.             ( )
Defendant                   ( )
Warden                      ( )
Bureau of Prisons           ( )
Court Reporter              ( )
Courtroom Deputy            ( )
Orig-Security               ( )
Bankruptcy Clerk's Ofc.     ( )
Other_____       ( )

Date: 11/5/01

Frank G. Johns, Clerk
By: _____
    Deputy Clerk